## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTHONY D. CHERRY,
a/k/a CHARLES DARNELL SMITH,[1]

      Petitioner,

v.                                  CASE NO. 8:06-CV-573-T-27MSS

JAMES McDONOUGH, et al.,

      Respondents.

_____/

## O R D E R

      Petitioner, a State of Florida inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2002 drug-related conviction entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). Petitioner failed, however to sign his petition. This deficiency was cured when Petitioner filed a properly executed amended petition on May 19, 2006, *see* Dkt. 5, which completely supersedes the original petition.[2]

      On August 30, 2006,[3] Petitioner filed a Motion for Summary Judgment asserting that the limitation period under 28 U.S.C. § 2244(d) is inapplicable in this case because he was

---

[1] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, viewed on January 8, 2007, *State v. Cherry*, Case No. 01-CF-008343 (Fla. 13th Jud. Cir. Ct. 2002). *See* Fed. R. Evid. 201.

[2] *See, e.g., Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the federal rules supercedes the original complaint).

[3] In this circuit, § 2254 petitions and documents related thereto are considered "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Although the motion was not received by the Clerk for filing until September 5, 2006, Petitioner executed the document on August 30, 2006.

on probation once his direct appeal concluded rather than "in custody," as required to qualify for relief under § 2254 (Dkt. 11). Respondents filed a response to the amended petition on September 6, 2006, asserting, *inter alia*, that it is time-barred under § 2244(d) (Dkt. 10). Petitioner has filed a reply to the response (Dkt. 14).

Having reviewed the parties' arguments, the record, applicable statutes, and controlling case law, the Court agrees with Respondent that the petition is subject to dismissal pursuant to § 2244(d). No evidentiary hearing is required for the disposition of this matter. *See* Rules Governing Section 2254 Cases 8(a) (2006).

## Background

On July 6, 2001, the State filed an Information charging Petitioner with one count of possession of cocaine (Dkt. 13, Ex. 12 at R. 8-9). Represented by court-appointed counsel, Petitioner entered a *nolo contendere* plea to the charge on January 16, 2002,[4] pursuant to a negotiated plea agreement. Petitioner was sentenced to a term of thirty (30) months under a drug offender probation program, with the requirement that he attend and successfully complete the Good Will Intensive Outpatient Treatment Program. *Id.* at R. 86. Appearing on Petitioner's behalf on direct appeal, the Polk County public defender filed an *Anders* brief[5] stating that after reviewing the record and conferring with trial counsel and Petitioner, the only issue she could identify in the record that might arguably support the appeal was whether the trial court properly denied the motion to suppress on grounds that

---

[4]The plea agreement is stamped as having been filed with the court clerk on January 15, 2001 (Dkt. 13, Ex. 12 at R. 19). This appears to be a scrivener's error because the document was actually executed and presented to the trial court on January 16, 2002, *see id.* at R. 20 and 81.

[5]An *Anders* brief is filed by a court-appointed defense attorney who wants to withdraw from the case on appeal based on a belief that the appeal is frivolous. In an *Anders* brief, the attorney seeking to withdraw must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. *Anders v. California,* 386 U.S. 738 (1967).

-2-

the arresting officer's observations did not rise to the level of a reasonable suspicion to make a traffic stop or effect Petitioner's subsequent investigatory detention (Dkt. 13, Ex. 1;[6] Dkt. 13, Ex. 12 at R. 16). Although afforded an opportunity to do so, Petitioner failed to file a *pro se* appellate brief. *See* Dkt. 13, Ex. 3 at 1.

While Petitioner's appeal was pending, an order placing him under community supervision was entered on March 25, 2002 (Dkt. 13, Ex. 11 at 4). On April 30, 2002, a capias was issued for Petitioner for failure to appear. *Id.* The capias was executed on August 12, 2002, and Petitioner was taken to the Falkenburg Jail to await the disposition of a violation of probation charge. On September 6, 2002, Petitioner filed a state application for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 13, Ex. 6, Attach. (unnumbered)). Following a violation of probation hearing on September 12, 2002, Petitioner was placed under community supervision for 12 months, to be followed by an 18-month term of probation.[7]

Petitioner filed a petition for federal habeas relief pursuant to § 2254 on December 20, 2002. *See Cherry v. Rochmore*, Case No. 8:03-CV-16-T-24TGW (M.D. Fla. 2003). Because Petitioner's direct appeal remained pending, his claims were not exhausted in state court when the § 2254 petition was filed. The case was, therefore, dismissed without prejudice on January 10, 2003. *Id.* at Dkt. 3.

A warrant for Petitioner's arrest for violation of community control was filed on February 12, 2003 (Dkt. 13, Ex. 11 at 3). Shortly thereafter, the state appellate court

---

[6]Respondent failed to file pages 5-7 of the *Anders* brief. This oversight is not, however, material to the outcome of these proceedings.

[7]The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, entered January 24, 2003, viewed on January 8, 2007, *State v. Cherry*, Case No. 01-CF-008343 (Fla. 13th Jud. Cir. Ct. 2002). *See* Fed. R. Evid. 201.

affirmed Petitioner's conviction and sentence on February 28, 2003. *See Cherry v. State*, 840 So.2d 232 (Fla. 2d DCA 2003). Citing *Johnson v. State*, 657 So.2d 11 (Fla. 2d DCA 1995) (denial of Rule 3.850 motion was appropriate disposition where the record on appeal was still with the appellate court), the trial court denied the Rule 3.850 motion Petitioner filed on September 6, 2002 for lack of jurisdiction on March 17, 2003 (Dkt. 13, Ex. 7). A copy of the order denying the motion, mailed to Petitioner at his address of record, *see* Dkt. 13, Ex. 6, Attach., was returned to the court clerk as undeliverable (Dkt. 13, Ex. 8). The mandate affirming Petitioner's conviction issued on March 27, 2003, 10 days after his Rule 3.850 motion was denied (Dkt. 13, Ex. 5).

There was no further activity in Petitioner's criminal case until September 4, 2005, when the State filed an affidavit of violation of community control, *see* Dkt. 13, Ex. 11 at 3. The February 12, 2003 warrant was executed on September 9, 2005. *Id*. The State amended the affidavit of violation of community control on October 4, 2005.[8] Following a revocation hearing on October 5, 2005, during which Petitioner appeared *pro se*, the trial court found that Petitioner willfully and substantially violated two conditions of his community control. Petitioner's community control was revoked and he was sentenced to serve a term of three years in prison (Dkt. 13, Ex. 9). The direct appeal of the revocation order remains pending in state court. *See Cherry v. State*, Case No. 2D06-0413 (Dkt. 13, Ex. 10).

Petitioner initiated these proceedings by filing an unsigned § 2254 petition on April 5, 2006. The deficiency was cured when Petitioner filed an amended petition raising the following claims:

---

[8]The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, viewed on January 8, 2007, *State v. Cherry*, Case No. 01-CF-008343 (Fla. 13th Jud. Cir. Ct. 2002). *See* Fed. R. Evid. 201.

1. There was insufficient evidence to support the trial court's finding of probable cause to arrest Petitioner;

2. The trial court abused its discretion in failing to exclude vague testimony of a witness at the suppression hearing;

3. The trial court abused its discretion in accepting testimony at the suppression hearing that was not believable; and

4. The trial court discriminated against Petitioner on socio-economic grounds in denying the motion to suppress.

Dkt. 1; Dkt. 5. Each of the claims Petitioner asserts in his § 2254 petition challenges the validity of his January 16, 2002 judgment of conviction. See State v. Cherry, Case No. 01-CF-008343 (Fla. 13th Jud. Cir. Ct. 2002).

## Standard of Review

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). The evidence is viewed in the light most favorable to the non-moving party. Miller v. King, 384 F.3d 1248, 1259 (11th Cir. 2004); Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989). The Court does not decide issues of material fact, but determines whether such issues exist to be tried. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id.

The movant bears the initial burden of identifying the absence of any genuine issue of material fact, but need not disprove matters on which the non-moving party bears the burden of proof at trial. Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1396 (11th Cir. 1994). Once the movant carries its burden, the non-moving party must demonstrate that a genuine issue of material fact remains in dispute to avoid summary judgment. Id.

**Discussion**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof.

The crux of Petitioner's argument in his motion for summary judgment and renewed in his reply to the response is that he was not in "physical" or "constructive" custody of the State of Florida between February 21, 2003, when the warrant for violation of community control was entered on the trial court docket, and his arrest on September 2, 2005[9] (Dkt. 11 (unnumbered)). Petitioner reasons that "once [his] state remedies had been exhausted, he was no longer in state custody" because his "freedom was not controlled by the State in any way, shape, form or fashion. Petitioner was at large and completely at liberty." *Id*. Petitioner directs the Court's attention to a copy of the state court docket attached thereto in support of his motion.

Petitioner's contention that a person on probation does not meet § 2254's "in custody" requirement is incredible. The concept of custody for federal habeas purposes

---

[9]The Court takes judicial notice of information available on the Arrest Inquiry database maintained by the Hillsborough County Sheriff's Office, http://www.hcso.tampa.fl.us/, viewed on January 11, 2007, which provides arrest and booking information. *See* Fed. R. Evid. 201. The information is not relied upon to determine Petitioner's criminal records, but rather to confirm information provided in Petitioner's reply to the response. Petitioner was arrested under the name Charles Darnell Smith, Booking No. 05056626, by the Tampa Police Department on September 2, 2005 on charges of possession of an open container and providing a false name to law enforcement officers. This arrest appears to have triggered the execution of the February 12, 2003 warrant for violation of community control in the case that is the subject of these proceedings.

was relaxed considerably by the Supreme Court long ago, and it is no longer necessary for a person to be under physical constraints in order to obtain habeas relief. History, usage, and precedent leave no doubt that, besides physical imprisonment, other restraints on a man's liberty not shared by the public are sufficient to support the issuance of habeas corpus. *See Jones v. Cunningham,* 371 U.S. 236, 242 (1963).

Once Petitioner was placed on drug offender probation, his conduct was subject, in one degree or another, to the direction of judicial officers – a restraint on his liberty not shared by the public generally. *Id. at* 240. It is well-settled that while Petitioner remained under court supervision, he was "in custody pursuant to the judgment of a State court" for purposes of the federal habeas relief. 28 U.S.C. § 2254(a). *See United States v. Brown,* 117 F.3d 471, 475 (11th Cir. 1997) (custody present when the petitioner was "still serving the supervised release portion of his sentence . . . subject to the restrictions on liberty that accompany a term of supervised release. Supervised release carries with it the possibility of revocation and additional jail time."). Here, Petitioner's argument in support of his motion for summary judgment on the issue of custody fails as a matter of law.

Having determined that Petitioner met § 2254's "in custody" requirement during the relevant time period, the Court turns its attention to Respondent's assertion that the petition is time-barred under § 2244(d). State prisoners whose convictions became final after April 24, 1996 have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28

U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, because Petitioner's direct appeal was still pending, the federal limitation period had not yet commenced to run when Petitioner filed the Rule 3.850 motion on September 6, 2002. Thus, the motion had no tolling effect under § 2244(d)(2). Notably, even if Petitioner's conviction had been final on direct review when he filed his first § 2254 petition in 2002, the petition would likewise have had no tolling effect. *See Duncan v. Walker*, 533 U.S. 167, 172-73 (2001) (AEDPA's one-year limitation period is not tolled during the pendency of a federal habeas petition).

Petitioner's one-year limitation period commenced to run on May 29, 2003 when the 90-day window during which he could have petitioned the United States Supreme Court for a writ of *certiorari* expired. *See* Sup. Ct. R. 13; *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Absent tolling by an application for state post-conviction relief, Petitioner's one year limitation period ran uninterrupted until its expiration on May 29, 2004.

As the record reflects, Petitioner filed the instant § 2254 petition on April 5, 2006,[10] nearly two years after the limitation period expired, and he delayed filing an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.800(a) until July 24, 2006, *see* Dkt. 13, Ex. 11 at 1. Because the limitation period cannot be reinitiated once it expires, filings by Petitioner after May 29, 2004 had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

---

[10]Since Petitioner failed to sign or date the original petition, he does not benefit from the "mailbox rule." The petition is considered filed when the Clerk received it.

In his reply to the response, Petition argues that his § 2254 petition should not be dismissed as untimely, stating:

> The trial judge in my case, the Hon. Donald C. Evans, retired from the bench prior to my filing my 3.850 or shortly thereafter. Because of this, I believe, my petition was allowed to languish in the court system an inordinate length of time without any action. . . . It was not until October of 2005, during a violation of probation hearing, that I was notified by my public defender, Ms. Peggy Wojcik, that the petition had been denied although she could not determine what judge denied [it] or exactly when it was denied. I was never notified that the petition had been ruled on so I had no way of knowing when to re-file my habeas corpus. It is my hope that the honorable Court will determine that the tardiness in re-filing is due to no fault of my own.

Dkt. 5 at 14. To the extent that this may be read to assert that a state-created impediment prevented Petitioner from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), such is refuted by the record. Filed on September 6, 2002, the Rule 3.850 motion was denied on March 17, 2003 for lack of jurisdiction. Under Florida law, Petitioner's direct appeal remained pending until the state appellate court issued its mandate affirming his conviction on March 27, 2003. *See State v. Meneses*, 392 So.2d 905, 906-07 (Fla. 1981) (holding that "while appeal proceedings or certiorari proceedings are pending in an appellate court, the trial court is without jurisdiction to entertain a motion to vacate"). The delay in completing the review of the Rule 3.850 motion had no effect on Petitioner's ability to file a § 2254 petition because, as discussed, Petitioner's federal limitation period did not begin to run until May 29, 2003.

Likewise, Petitioner's argument that he should be excused from complying with the limitation period because he "was never notified that the petition had been ruled on so [he] had no way of knowing when to refile [his] habeas corpus [petition]" (Dkt. 5 at 14) is not availing to Petitioner's cause. Assuming that Petitioner is referring to the decision on his state post-conviction motion, a review of the record reveals that a copy of the order denying

Petitioner's Rule 3.850 motion was mailed to him at his address of record on March 17, 2003 (Dkt. 13, Ex. 8). Incarcerated when he filed his Rule 3.850 motion, Petitioner had failed to advise the state court clerk of his change of address when he was released. The envelope containing Petitioner's copy of the order was returned to the clerk stamped "return to sender – unable to forward." *Id*. Petitioner was responsible for providing the clerk with a correct address of record.[11] The clerk's attempt to provide Petitioner with a copy of the order dismissing his Rule 3.850 motion was foiled by Petitioner's failure to keep the trial court apprised of his current address rather than a state-created impediment.

The Court has, out of an abundance of caution,[12] confirmed that a copy of the order denying Petitioner's first § 2254 petition was mailed to him at his address of record on January 9, 2003. The document was not returned to the district court clerk as undeliverable. *See Konst v. Florida East Coast Ry. Co.*, 71 F.3d 850, 851-52 (11th Cir. 1996) ("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee") (citing *Nunley v. City of Los Angeles,* 52 F.3d 792, 796 (9th Cir. 1995)).

---

[11] A party has a duty to keep the Court informed of his/her address. *See Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982) (stating that it is "fair and reasonable for [a party] to assume the burden of advising . . . of address changes or to take other reasonable steps to ensure delivery . . . to his current address."). *See also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (holding that a *pro se* party has a duty to notify the court of his/her address at all times); *Dansby v. Albany County Correctional Facility Staff*, 1996 WL 172699 *1 (N.D.N.Y. 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (stating that "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.")); *Shannon v. State of Louisiana*, 1988 WL 54768 *1 (E.D. La. 1988) (citation omitted) (an incarcerated party who is released or transferred has a duty to advise the court of any address changes).

[12] Petitioner acknowledges that he is unclear on details regarding the 2002 filings for state post-conviction relief and federal habeas relief. For example, contrary to Petitioner's assertions, The Honorable Barbara C. Fleisher, Circuit Judge, Thirteenth Judicial Circuit, Tampa, Florida, did not rule on either Petitioner's 2254 petition, which was assigned to and denied by The Honorable Susan C. Bucklew, United States District Judge, Middle District of Florida, Tampa Division, or his Rule 3.850 motion, which was assigned to and denied by The Honorable J. Kevin Carey, Circuit Judge, Thirteenth Judicial Circuit, Tampa, Florida.

Petitioner has not shown that a state created impediment prevented him from filing a timely § 2254 petition or that he could not have discovered the factual predicate of his federal claims prior to the filing of the petition. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Petitioner also fails to meet the criteria to proceed under § 2244(d)(1)(C) because he does not advance a claim based on a right newly recognized by the United States Supreme Court and retroactive in application. *See* 28 U.S.C. § 2244(d)(1)(C). Thus, the petition for federal habeas relief, filed nearly two years after the expiration of the limitation period, is time barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner demonstrates that he is entitled to equitable tolling.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't. of Corrs.,* 297 F.3d 1278, 1286 (11th Cir. 2002). The "extraordinary circumstances" must relate to the untimeliness of the filing rather than the underlying conviction. *See Helton v. Sec. for the Dep't. of Corrs.,* 259 F.3d 1310, 1314-15 (11th Cir. 2001).

Having afforded Petitioner the opportunity to explain the reasons for his untimeliness,[13] the Court finds that Petitioner has failed to satisfy the criteria in this jurisdiction for a finding that extraordinary circumstances warrant allowing him to proceed despite the procedural bar to his claims. What the record actually reflects is that after being sentenced to a term of probation, Petitioner simply ignored the sentence and did as he

---

[13]Petitioner's comments regarding "past questionable legislative/judicial relationships" raise matters outside the scope of these proceedings. *See* Dkt. 14 (unnumbered).

chose. His success in avoiding arrest on the 2003 violation of probation charge for 2½ years does not support his contention that he is entitled to equitable tolling.

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner demonstrates that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that such an exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* ___ U.S. ___, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup v. Delo*, 513 U.S. at 324.  Petitioner does not assert that he has "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of his claims.

A *pro se* litigant's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A litigant who fails to comply with a statutory deadline is not, however, entitled to special consideration because he is proceeding *pro se. See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("[T]he problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines.").

Petitioner fails to proffer "specific facts which support finding that one of these exceptions to the procedural default rule exists." *See Hill v. Jones*, 81 F.3d 1015, 1023 (11th Cir. 1996). The merits of the claims raised in the petition will not, therefore, be addressed. *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

### Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, Respondent is entitled to judgment as a matter of law.  The deficiency in the petition cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion for Summary Judgment (Dkt. 11) is **DENIED**.

2. The petition for writ of habeas corpus filed April 5, 2006 (Dkt. 1) is **DENIED** as moot.

3. The amended petition for writ of habeas corpus is **DENIED** (Dkt. 5).

-13-

4. The **Clerk** shall enter judgment for Respondent, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on ___JANUARY 30th___, 2007.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy to: All Parties/Counsel of Record